**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:17-CR-128- |
| | § | ALM-CAN |
| JESSY OROZCO (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Jessy Orozco's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on January 17, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Heather Rattan.

Defendant was sentenced on June 8, 2018, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offenses of Felon in Possession of a Firearm- 18:922G (Counts 1, 3), Class C felonies. These offenses carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. Defendant was subsequently sentenced to 37 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, alcohol abstinence, alcohol and substance abuse testing and treatment, mental health treatment, and a $200 special assessment. On January 14, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

On March 14, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 38, Sealed]. The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer; (3) You must refrain from any unlawful use of a controlled substance; (4) You must not possess or consume any alcoholic beverages; (5) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer; and (6) You must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and must observe the rules of that facility. Should you obtain a residence approved by the probation officer during the 180-day placement, you must be released [Dkt. 38 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On March 2, 2022, Defendant was arrested by Bienville Parish Sheriff's Office, in Arcadia, Louisiana, for committing the offenses of Aggravated Flight from Police Officer; Illegal Possession of Stolen Things (vehicle); Driving Under Suspension, and Speeding. Defendant's total bond for the aforementioned offenses is $120,000. As of this writing, he remains in custody of Bayou Dorcheat Correction Center, Minden, Louisiana; (2) Defendant did not obtain permission from the probation officer to leave the district and travel to Louisiana; (3) (4) On February 18, 2022, while a resident of a Residential Reentry Center, Volunteers of America in Hutchins, Texas, Defendant submitted a urine specimen which produced positive results for alcohol, amphetamine, and methamphetamine. The specimen was confirmed as positive by Redwood Toxicology Laboratory,

Inc.; and (5) (6) Staff at Volunteers of America Reentry Center alleged Defendant communicated with other residents who are also convicted felons, as such was observed upon review of Defendant's cellular phone once confiscated. This manner of association is a policy violation of the reentry center, as is the use of alcohol and illegal substances. As such, on February 24, 2022, Defendant was unsuccessfully discharged from residential placement at Volunteers of America, Hutchins, Texas [Dkt. 38 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations. Having considered the Petition and the plea of true to allegations 1 through 6, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 48; 49].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eighteen (18) months, with eighteen (18) months of supervised release to follow.

The Court further recommends imposition or reimposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring your efforts to obtain and maintain lawful employment; (2) You must not possess or consume any alcoholic beverages; (3) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and

testing; (4) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (5) You must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence immediately upon release from confinement and shall observe the rules of that facility. Upon securing a suitable residence approved by the U.S. Probation Officer, you shall be released from the facility.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Somerville, Florida, if appropriate.

**SIGNED this 20th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE